UNITED STATES OF AMERICA, RESPONDENT, *v.* WILLIAM E. BREDEMEYER, APPELLANT.

CRIMINAL LAW—ADULTERY—PROOF OF CHARACTER.—In a prosecution for adultery, it is error for the Court to refuse to permit the defense to show the bad character of the woman with whom the adultery was alleged to have been committed, since such testimony would necessarily have affected the credibility of the woman who had been sworn and had testified as a witness.

APPEAL from an order refusing a new trial and a judgment of conviction in the district court of the third district.

The evidence in this case is set out at length in the bill of exceptions. It was admitted that defendant was a married man. The evidence for the prosecution tended to show that the girl, Emma Bapty, with whom the adultery was alleged to have been committed, had been delivered of a child. The birth of the child was shown by several witnesses. It was testified by the witness, Emma Bapty, that defendant had taken liberties with her and had intercourse with her on four occasions. There was evidence outside of the testimony of the accomplice tending to show that at a time before the birth of the child equalling the period of gestation, the accomplice had visited the

office of the defendant several times, and that he had given her money, and that the child closely resembled the defendant. The evidence in the record does not disclose any attempt to attack the character of Emma Bapty for truth and veracity. The defendant on cross-examination of Rose V. Thackrah, the mother of Emma Bapty, desired to ask the witness questions as to her being put out of a certain house after the birth of her daughter's child, which was excluded as not cross-examination. Witness was asked questions and answered, as to her daughter's relations with other men. The defendant desired to show by a witness called for the defense that a few months before the child was conceived the accomplice had had sexual intercourse with one Ademeyer. This was excluded as too remote. On cross-examination of Rose V. Thackrah, she had been asked by defendant, if two women had not come to her to warn her about her daughter being with said Ademeyer. This, said witness Thackrah, had denied. Defendant thereupon offered said two witnesses to contradict said testimony of said witness Thackrah; but the testimony was excluded as raising a collateral issue. Defendant also offered evidence to show that the house of said Ademeyer, to which the accomplice was taken by her mother a week or two after the confinement and birth of said child, was a house of ill-fame; but this testimony was excluded as immaterial. There was no evidence in the record to show any other attempt to attack the accomplice's reputation, and none to attack her general reputation either for truth and veracity or chastity and virtue.

The defendant requested the Court to charge that "a conviction cannot be had on the testimony of an accomplice unless he is corroborated by other evidence which in itself and without the aid of the testimony of the accomplice, tends to connect the defendant with the commission of the offense, and the corroboration is not sufficient if it merely shows the commission of the offense or the circumstances thereof."

This instruction is in the language of the Statute of Utah Territory.

Also the defendant requested an instruction that the birth of the child was not corroboration; that there was not sufficient testimony to convict, and that the girl Emma was an accomplice.

These requests were refused except so far as given in the following portion of the charge.

"If the defendant committed adultery with the witness, Emma Bapty, she was an accomplice in the commission of the crime charged, and the Court charges you that you should receive, consider, and weigh her testimony with great care and caution, and you should not convict the defendant on her testimony unless it is corroborated by other material evidence. But it is not necessary that her testimony should be corroborated by eye-witnesses of the act of sexual intercourse."

*Mr. Charles S. Varian,* for the defendant.

The Territorial Statute applied and the refusal to instruct in the language of the Territorial Statute was an error. *Clinton* v. *Englebrecht,* 13 Wall. 434; *Hornbuckle* v. *Toombs,* 18 Wall. 648; *U. S.* v. *Reynolds,* 98 U. S. 154; *Clawson* v. *U. S.* 113 U. S. 146; *U. S.* v. *Miles,* 103, U. S. 304; *U. S.* v. *White,* 4 Utah 499; *U. S.* v. *Bassett,* 5 Utah 131; *U. S.* v. *Cutler,* 5 Utah 600; *U. S.* v. *Kirkwood,* 5 Utah 123; *U. S.* v. *Clark,* 5 Utah 226; *U. S.* v. *Jones,* 5 Utah 552; *U. S.* v. *Kershaw,* 5 Utah 618; *U. S.* v. *Cannon,* 4 Utah 122; *Cannon* v. *U. S.* 116 U. S. 75; *U. S.* v. *Tenney,* 8 Pac. Rep. 276; *Swan* v. *U. S.* 9 Pac. Rep. 931; *U. S.* v. *Camp,* 10 Pac. Rep. 228.

*Mr. Ogden Hiles,* Asst. U. S. Atty. for the respondent.

SANDFORD, C. J.:

The defendant was convicted of the crime of adultery, and from the order denying his motion for a new trial, and from the judgment entered below, has appealed to this Court. His contention is that the evidence was not sufficient to justify the verdict, and he alleges errors of law, and a misdirection in the charge of the learned judge who tried the cause. It appears that the only witness of the alleged crime was the girl with whom the act was.

alleged to have been committed. Her mother testified that she, at the suggestion of the appellant, had sent her daughter to his place of business to procure some fruit. The latter, on her direct examination, stated that she had lived in the family of the defendant as a nurse girl, and had taken care of his child; that during the month of March, after she had ceased to be employed by him, she' visited the defendant's place of business five times,—the first time to procure some money. As to the other visits her testimony was that the defendant took "liberties with her,"' and "had intercourse with her." What the liberties were that he took with her does not appear, nor what manner of intercourse it was that she had with the defendant. She stated that the defendant gave her a little money, and that she ceased to visit him because he did not ask her to come again. No other testimony as to the commission of the crime charged was presented by the prosecution. The defendant testified in his own behalf, and admitted that he called on her mother, and had suggested that the daughter call for the fruit; but denied that he had given the daughter any money in March, and denied generally the charge made against him. A request by the prisoner's counsel to the Court to instruct the jury to acquit on the ground that the testimony of the accomplice was not corroborated was refused, and an exception taken. The refusal was based on the ground that the territorial statute relating to the testimony of an accomplice was inapplicable in this case, in which the United States was the plaintiff.

It was error to refuse to allow the defendant to show the bad character of the girl who testified against him. This evidence would, if received, have necessarily affected her credibility. The evidence of defendant's guilt was vague, unsatisfactory, and insufficient to sustain the verdict. On account of the error above referred to, without considering the other points raised on the appeal, we are of the opinion that there should be a new trial. The judgment below is reversed, and the cause is remanded for a new trial.

JUDD, J., and BOREMAN, J., concurred.